IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DENNIS WINKLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-00673-CV-W-ODS |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability and disability insurance benefits. For the following reasons, the Commissioner's decision is affirmed.

**I. STANDARD OF REVIEW**

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn A. Colvin as the defendant in this suit.

relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1950, and completed two years of college. R. at 94, 131. His prior work experience includes truck driving and process serving. R. at 146. Plaintiff applied for disability and disability insurance benefits in November 2012, alleging he became disabled on December 31, 2005. R. at 12, 94-100. Plaintiff's application was denied, and he requested a hearing. On August 7, 2014, a video hearing was held before an administrative law judge ("ALJ"). R. at 22-30. On March 2, 2015, the ALJ issued her decision, finding Plaintiff was not disabled. R. at 12-17.[2]

In reaching her decision, the ALJ found Plaintiff had chronic liver disease and affective disorders, but concluded Plaintiff's impairments did not "significantly limited the ability to perform basic work-related activities for 12 consecutive months." *Id.* at 14-17. Because these impairments were not severe, Plaintiff was not disabled. *Id.* Plaintiff appealed the ALJ's decision to the Appeals Council, which dismissed his appeal in April 2016. R. at 1-3.

## III. DISCUSSION

Plaintiff contends the Commissioner's decision should be reversed because (a) the ALJ did not apply the *Polaski* factors to explain why Plaintiff was not "entirely credible," and (b) the ALJ failed to fully develop the record.

### A. Plaintiff's Credibility

Plaintiff argues the ALJ did not apply the *Polaski* factors when she analyzed Plaintiff's credibility. The familiar standard for analyzing a claimant's subjective complaints is set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984):

---

[2] The ALJ noted Plaintiff was previously awarded supplemental security income on February 1, 2013. R. at 12. The only issue pending for the ALJ was the potential award of disability benefits, and the "alleged disability must be established prior" to December 31, 2005, the last date insured for disability benefits. *Id.*

2

> While the claimant has the burden of proving that the disability results
> from a medically determinable physical or mental impairment, direct
> medical evidence of the cause and effect relationship between the
> impairment and the degree of claimant's subjective complaints need not
> be produced. The adjudicator may not disregard a claimant's subjective
> complaints solely because the objective medical evidence does not fully
> support them.
>
> The absence of an objective medical basis which supports the degree of
> severity of subjective complaints alleged is just one factor to be
> considered in evaluating the credibility of the testimony and complaints.
> The adjudicator must give full consideration to all of the evidence
> presented relating to subjective complaints, including the claimant's prior
> work record, and observations by third parties and treating and examining
> physicians relating to such matters as:
>
> 1. The claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective
> complaints solely on the basis of personal observations. Subjective
> complaints may be discounted if there are inconsistencies in the evidence
> as a whole.

*Id.* at 1322. The ALJ may also consider the absence of objective medical evidence to support the claimant's complaints. *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009) (citations omitted). The ALJ "need not explicitly discuss each *Polaski* factor...[t]he ALJ need only acknowledge and consider those factors before discounting a claimant's subjective complaints." *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004) (citations omitted); *see also Samons v. Apfel*, 497 F.3d 813, 820 (8th Cir. 2007).

During the hearing before the ALJ, Plaintiff testified that, prior to the date last insured, he experienced diarrhea, fatigue, and ascites.[3] R. at 15, 27. He complained his energy level was "very low" and was incapable of participating in any full-day activities. *Id.* at 27-15, 28. His typical day consisted of getting up and not moving

---

[3] "Ascites" is defined as the "accumulation of serous fluid in the peritoneal cavity." *Stedman's Medical Dictionary* 165 (28th ed. 2006).

3

around until the afternoon.  *Id.* at 15, 28.  He would help with some laundry and some grocery shopping.  *Id.*

The ALJ considered Plaintiff's testimony and the evidence of the record, and in doing so, properly analyzed Plaintiff's credibility.  The ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects" of his symptoms associated with chronic liver disease and affective disorders were "not entirely credible."  R. at 15.  The ALJ's determination was based upon the "scant" medical evidence prior to Plaintiff's date last insured, which did not support Plaintiff's allegations that he was unable to perform and sustain any full-time work.  *Id.* at 16.

With regard to symptoms associated with chronic liver disease, the ALJ found Plaintiff reported episodes of abdominal cramps and diarrhea in February 2005, and was told he had to stop consuming alcohol "for six months in case of need for treatment."  R. at 16, 497-501.[4]  Plaintiff refused to discontinue consuming alcohol until several months later.  *Id.* at 16, 499.  The ALJ noted a colonoscopy in March 2005 demonstrated "three non-bleeding rectal varices" but "was otherwise normal."  *Id.* at 16, 494.[5]  The ALJ also relied on a progress note from January 2006, one month after Plaintiff was last insured, that indicated he had "[n]o stigmata of ch[ronic] liver disease."  *Id.* at 16, 484.  One month later, another progress note stated there was "[n]o evidence of decompensated liver" disease.  *Id.*

With regard to symptoms associated with affective disorders, the ALJ found Plaintiff denied any mood disorder in December 2004, and refused a referral to the mental health clinic.  R. at 16, 504.  In March 2005, Plaintiff's depression screen was "negative."  *Id.* at 16, 492.  In November 2005, Plaintiff complained of insomnia but was

---

[4] Plaintiff did not experience diarrhea again until October 2005, and it stopped by November 2005.  R. at 487, 491.  Additionally, Plaintiff reported he began working as a process server in 2005 (the year he allegedly became disabled) and continued to perform such work through at least December 2012.  R. at 36, 107, 131, 146, 218, 811, 1156, 1175, 1200, 1269, 1296. These facts further call into question Plaintiff's allegations that his symptoms were severe and prevented him from working.
[5] In March 2005, a doctor recommended Plaintiff follow up with the gastrointestinal clinic, but Plaintiff missed his appointment and did not ask to have it rescheduled until October 2005.  R. at 490-91, 495.  He did not begin participation in the clinic until December 1, 2005.  R. at 485.

4

Case 4:16-cv-00673-ODS   Document 12   Filed 04/03/17   Page 4 of 6

"[n]ot willing" to go to the mental health clinic. *Id.* at 16, 487.[6] A state agency medical consultant also reviewed Plaintiff's medical records and opined there was insufficient evidence at the time of the alleged onset date and the date last insured to complete a psychiatric review technique. *Id.* at 16, 40-45. The ALJ also noted that in February 2006, two months after Plaintiff was last insured, there were no active mental health issues. *Id.* at 17.

The ALJ also remarked that Plaintiff had not offered, and the record did not contain, any functional capacity opinions from Plaintiff's physicians analyzing Plaintiff's functional capacity during the relevant timeframe. R. at 16. In fact, there were no opinions from any source establishing Plaintiff was functionally impaired during the relevant timeframe. *Id.*

The ALJ considered the *Polaski* factors. R. at 15-17. The ALJ is not required to discuss each factor in turn, but must merely consider the *Polaski* factors. *See Eichelberger*, 390 F.3d at 590. To the extent Plaintiff argues the medical evidence could support a decision contrary to the ALJ's, the Court will not substitute its judgment for that of the ALJ. *See Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003) (stating "[t]he credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts."). The Court finds the ALJ did not err in analyzing Plaintiff's credibility.

## B. Failure to Develop the Record

Plaintiff also contends the ALJ failed to develop the record. Specifically, Plaintiff argues "no medical doctor ever reviewed the file," the ALJ either ignored or concluded several laboratory findings did not provide evidence of an impairment that impacted the ability to work, and "[n]othing in the record clearly establishes" Plaintiff's impairments were not severe. Doc. #6, at 10.

First, Plaintiff cites no authority for his argument that the ALJ's decision should be reversed because a medical doctor did not review Plaintiff's file. The Court has not found such authority.

---

[6] Plaintiff also complained of insomnia in October 2005, but refused a referral to the mental health clinic. R. at 491.

5

Case 4:16-cv-00673-ODS   Document 12   Filed 04/03/17   Page 5 of 6

Second, Plaintiff does not point to any particular laboratory findings in the record that the ALJ allegedly ignored or concluded were not evidence of an impairment that affected Plaintiff's ability to work.  Without knowing which records, particularly in a record that exceeds 1,400 pages, were purportedly overlooked, the Court cannot ascertain which particular records should have been considered.  Furthermore, based upon its review of the ALJ's decision, it is evident that the ALJ considered the relevant laboratory findings.  R. at 14-17.

Finally, Plaintiff's argument that nothing in the record "clearly establishes" his impairments were not severe misrepresents the applicable burden of proof.  "It is the claimant's burden to establish that his impairment or combination of impairments are severe."  *Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007) (citation omitted). Plaintiff must "submit all evidence…that relates to whether or not you are…disabled." 20 C.F.R. § 404.1512(a).  The Social Security Administration only considers impairments for which it has received evidence.  *Id.*  Here, Plaintiff had the burden of establishing his impairments were severe, and ultimately, disabling.  And, contrary to Plaintiff's argument, an impairment is not presumed severe until found otherwise.  Here, Plaintiff failed to establish his impairments were severe.  The Court finds the record was properly developed and provided sufficient information on which the ALJ based her decision.

## IV. CONCLUSION

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision.  The Commissioner's decision denying benefits is affirmed.

IT IS SO ORDERED.

                                                        /s/ Ortrie D. Smith
                                                       ORTRIE D. SMITH, SENIOR JUDGE
DATE: April 3, 2017                    UNITED STATES DISTRICT COURT